b

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| NATHANIEL SMITH, JR. | CIVIL ACTION 1:18-CV-01176 |
| VERSUS | JUDGE DRELL |
| DELTA FUEL CO., INC. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendant Delta Fuel Co., Inc. ("Delta") filed a Motion to Quash pursuant to Fed. R. Civ. P. 12(b)(4) & (5), a Motion to Dismiss pursuant to Fed. R. Civ. P. rule 12(b)(1), and a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 11). Plaintiff Nathaniel Smith, Jr. ("Smith") filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 13). Because the complaint was not properly served, Delta's Rule 12(b)(4), (5) Motion to Quash (Doc. 11) should be GRANTED. Because this Court has jurisdiction over Smith's possible state law claims, Delta's Rule 12(b)(1) Motion to Dismiss (Doc. 11) should be DENIED. Because Smith's federal claims are time-barred, Delta's Rule 12(b)(6) Motion to Dismiss Smith's federal claims (Doc. 11) should be GRANTED. Because the Court should decline to exercise supplemental jurisdiction over Smith's state claims, Delta's Rule 12(b)(6) Motion to Dismiss Smith's state law claims (Doc. 11) should be GRANTED. Smith's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 13) should thus be DENIED AS MOOT.

I.    Background

Smith filed a complaint alleging employment claims against Delta pursuant to: Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12000e, *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff, *et seq.* (Doc. 1). Smith seeks monetary damages, including punitive damages, for lost pay, lost benefits, and emotional distress due to discrimination, retaliation, and wrongful termination. (Doc. 1). Plaintiff shows exhaustion of his claim through the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-2).

Smith alleges in his complaint that he was involved in a vehicle accident with another Delta employee, "Hill," on Louisiana Highway 3232 on October 26, 2015. (Doc. 1). Both Smith and Hill were driving Delta trucks at the time of the accident. (Doc. 1). Smith had glass in his left eye as a result of the accident. (Doc. 1). Smith contends the Delta supervisors/managers (Jim Golmon and Clinton L. Vegas) instructed everyone not to call the police for an accident report or the Louisiana Department of Transportation concerning the accident. (Doc. 1). Smith was taken to an eye doctor for treatment, then taken back to the office to clock out. (Doc. 1). The next day, Delta employees called and texted Smith to "check up on him." (Doc. 1). Jim Golmon called Smith on October 29, 2015 and told him to be in the office on October 29, 2015 to fill out an accident report and undergo a drug test. (Doc. 1). The eye doctor released Smith to return to work on November 2, 2015. (Doc. 1).

Smith told Clinton Vegas he wanted more time off from work to get a second opinion about his eye injury, and stated he was going to report the police had not been called for the accident. (Doc. 1). Vegas then gave Smith an additional day off. (Doc. 1). The next day, Vegas fired Smith for not undergoing a drug test within 24 hours of the accident in accordance with company policy. (Doc. 1).

Smith then filed for unemployment. (Doc. 1). When he went to Delta to pick up his last check, Golmon told him he could have his check if he signed "documents" stating he was not hurt. (Doc. 1). When Smith refused to sign the documents, another employee ("Jenkins") gave Smith his check anyway. (Doc. 1).

Smith alleges he was retaliated against by Delta for exercising his right to report Delta for not following post-accident procedures, in accordance with Vegas's instructions, and was wrongfully terminated. (Doc. 1). Smith contends Delta retaliated and terminated him because he is African-American and alleges the white supervisors who did not follow post-accident procedures were not fired. (Doc. 1).

Delta filed a to Quash pursuant to Fed. R. Civ. P. 12(b)(4) and (5) and a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Doc. 11). Smith responded to those motions and filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. 13). Delta filed an opposition (Doc. 17).

II. <u>Law and Analysis</u>

    A. <u>Delta's Rule 12(b)(5) Motion to Quash should be granted.</u>

Delta contends service should be quashed pursuant to Rule 12(b)(4) & (5) because Smith failed to serve it through its authorized agent for service of process,

3

Clinton L. Vegas, and did not mail Delta a copy of the complaint, as required by Fed. R. Civ. P. rule 4(h)(1)(B).

Smith is proceeding *in forma pauperis.* (Doc. 4). The Court granted Smith's motion for service by the United States Marshal's Service ("USMS") (Doc. 8) and ordered service pursuant to Fed. R. Civ. P. rule 4(c) and 28 U.S.C. § 1915(c). (Doc. 9). See Reece v. Countrywide Home Loans, 250 Fed. Appx. 91, 92 (5th Cir. 2007) (the court is required "to issue and serve process and to appoint a marshal to effectuate service"). A clerk filled out the summons and a Deputy United States Marshal ("Deputy Marshal") delivered the summons to a receptionist at Delta. (Doc. 10). Delta contends the receptionist was not authorized to accept service.

"[A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); see Gatte v. Dohm, 574 Fed. Appx. 327, 331 (5th Cir. 2014).

Delta's "motion to quash" is actually a Rule 12(b)(5) motion to challenge the mode of delivery or the lack of delivery of the summons and complaint. See Fed. R. Civ. P. 12(b)(5) ("[A] party may assert the following defenses by motion:…(5) insufficient service of process."). When service of process is challenged, the serving party bears the burden of proving its validity. See Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). The adjudication of substantive

4

rights without valid service of process is improper. See Bollore S.A. v. Imp. Warehouse, Inc., 448 F.3d 317, 321 (5th Cir. 2006) (citing Fed. R. Civ. P. 4; Attwell v. LaSalle Nat. Bank, 607 F.2d 1157, 1159 (5th Cir.1979) ("It is axiomatic that in order for there to be *in personam* jurisdiction there must be valid service of process."). In this case, Delta has shown that Smith failed to effect proper service on an authorized agent for service of process. Therefore, Delta's Motion to Quash service should be granted.

However, dismissal is improper if the plaintiff shows good cause for the failure to properly effect service. See Fed. R. Civ. P. rule 4(m). To establish good cause, the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice. See Lindsey, 101 F.3d at 446. Good cause is shown when an *in forma pauperis* plaintiff's failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties. See Lindsey v. U.S.R.R. Retirement Bd., 101 F.3d 444, 447 (5th Cir. 1996). Upon a showing of good cause, the district court "shall extend the time for service for an appropriate period." See Fed. R. Civ. P. 4(m); Lindsey, 101 F.3d at 446.

Smith named the correct defendant and followed the correct procedure for requesting service of process. However, the Clerk of Court was not instructed as to how to serve Delta. (Doc. 9). Delta's address was put on the summons and a Deputy Marshal delivered the summons to a receptionist at Delta (Doc. 10). The Court's docket shows service was executed.

5

Smith was entitled to rely on the Court and the USMS to serve the complaint properly. The fault for improper service in this case rests with the Court and not Smith. Therefore, there is good cause under Rule 4(m) to extend the time for service. See Smith v. Swafford, 236 F.R.D. 297, 299 (W.D. La. 2006) (citing Lindsey, 101 F.3d at 447; Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)).

The Court further finds Delta received actual notice of the suit soon after it was filed and has not argued that late service would impose undue hardship. However, since, as discussed below, Smith's action should be dismissed as untimely, it is unnecessary to grant plaintiff additional time to effect service properly. [1]

### B. Delta's Rule 12(b)(1) Motion to Dismiss should be denied.

Delta contends Smith's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over a state worker's compensation claim.

Smith did not allege state law claims, although he stated that "not even" the standards of Louisiana anti-discrimination laws were upheld by Delta. (Doc. 1). Smith clarified in his response to Delta's Motion to Dismiss that his complaint is filed under federal law.

However, to the extent Smith's complaint may allege a Louisiana employment law claim pursuant to the Louisiana Employment Discrimination Law ("LEDL"), La.

---

[1] Although Delta also filed a Rule 12(b)(6) Motion to Dismiss, Delta did not make a general appearance and waive defects in service because all of its Rule 12 motions were filed in the same pleading (Doc. 11). "No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12.

6

R.S. 23:301, *et seq.*, the Court has supplemental jurisdiction over such claims. See Lee v. Columbia/HCA of New Orleans, Inc., 611 Fed. Appx. 810, 813 (5th Cir. 2015).

Therefore, Delta's Rule 12(b)(1) Motion to Dismiss state law claims for lack of subject matter jurisdiction (b)(1) (Doc. 11) should be denied.

### C. Delta's Rule 12(b)(6) Motion to Dismiss should be granted

#### 1. Standards governing the Motion to Dismiss pursuant to 12(b)(6).

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A court must view all well-pleaded facts in the light most favorable to the plaintiff. See Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) admits the facts alleged in the complaint but challenges the plaintiff's right to relief based upon those facts. See Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hirras v. National Railroad Passenger Corp., 10 F.3d 1142,

1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); Doe, 753 F.2d at 1102. The factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. See Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C. Cir. 1985).

### 2. Smith's federal claims should be dismissed as time-barred.

Delta contends Smith's federal employment claims should be dismissed as untimely, pursuant to Fed. R. Civ. P. 12(b)(6).

Title VII claimants must file suit within 90 days of receipt of an EEOC right-to-sue letter. See 42 U.S.C. § 2000e–5(f)(l ); Lee v. Columbia/HCA of New Orleans, Inc., 611 Fed. Appx. 810, 812 (5th Cir. 2015). The same deadline applies to claims under the ADA, 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e–5); GINA, 42 U.S.C. § 2000ff-6; and the ADEA, 29 U.S.C. §626 (e). In the absence of a concrete allegation to the contrary, it is presumed that a claimant receives a right-to-sue letter within three days after it is mailed. See Lee, 611 Fed. Appx. at 812 (citing Jenkins v. City of San Antonio, 784 F.a3d 263, 267 (5th Cir. 2015)).

Smith's right-to-sue letter from the EEOC is dated September 26, 2017. (Doc. 1-2). Smith filed his complaint against Delta on September 6, 2018 (Doc. 1), more than 8 months late. Because Smith's federal employment claims are time-barred, Delta's Rule 12(b)(6) Motion to Dismiss Smith's federal claims (Doc. 11) should be granted.[2]

---

[2] Smith argues only that his complaint was filed within one year of receiving his right-to-sue letter. (Doc. 13).

However, the federal 90-day limitation period does not apply to employment claims under Louisiana law. See La. R.S. 23:303(D) (setting the prescriptive period at 12–18 months); Lee, 611 Fed. Appx. at 813. Therefore, any supplemental state employment law claims are not time-barred.

### 3. The Court should decline to exercise jurisdiction over Smith's remaining state law claims.

Since only Smith's state law claims remain (to the extent any are alleged), the district court may consider whether it should continue to exercise supplemental jurisdiction over such claims or whether to dismiss them and allow them to be litigated in state court. See Lee, 611 Fed. Appx. at 813; 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim…if…(3) the district court has dismissed all claims over which it has original jurisdiction."). In deciding whether to exercise supplemental jurisdiction, the court must consider judicial economy, convenience, fairness, and comity. See Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F.3d 58, 61 (5th Cir. 1994). The general rule in the Fifth Circuit is to dismiss state claims when the federal claims to which they are pendent are dismissed. See Enochs v. Lampasas County, 641 F.3d 155, 161-63 (5th Cir. 2011) ("The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decision of state law.").

This case was filed less than a year ago and the litigation is in an early stage. Because the Court has not yet invested a significant amount of judicial resources in this litigation, and because Smith failed to effect proper service of process, Smith's

9

supplemental state law claims should be dismissed without prejudice. Contrast, Lee v. Columbia/HCE of New Orleans, Inc., 2016 WL 164898, *5 (E.D. La. 2016) (on remand from the Fifth Circuit, the district court retained jurisdiction over the remaining state law claims because the case had been before the federal courts for over two years and considerable judicial resources had been expended).

### D. Smith's Motion for Judgment on the Pleadings should be denied as moot.

Because Delta's Motion to Dismiss should be granted as to all claims, Smith's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 13) should be denied as moot.

## III. Conclusion

Because this Court has jurisdiction over Smith's supplemental state law claims, IT IS RECOMMENDED that Delta's Rule 12(b)(1) Motion to Dismiss (Doc. 13) be DENIED.

Because Smith failed to effect proper service, IT IS RECOMMENDED that Delta's Rule 12(b)(5) Motion to Quash (Doc. 11) be GRANTED.

Because Smith's federal employment claims are time-barred, IT IS RECOMMENDED that Delta's Rule 12(b)(6) Motion to Dismiss the federal claims (Doc. 11) be GRANTED and Smith's federal claims be DISMISSED WITH PREJUDICE.

Because the Court should decline to exercise supplemental jurisdiction over Smith's remaining state law claims, IT IS RECOMMENDED that Delta's Rule 12(b)(6) Motion to Dismiss the state claims (Doc. 11) be GRANTED and Smith's state claims should be DISMISSED WITHOUT PREJUDICE.

IT IS ALSO RECOMMENDED that Smith's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 13) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of April, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge